{¶ 15} I respectfully dissent from the majority's holding that the trial court erred in failing to enter an explicit finding in its judgment entry on the best interest prong of the permanent custody test. Although, as the majority notes, some courts may have held that this determination must be stated on the record, R.C. 2151.414 imposes no such requirement on the trial court.
 {¶ 16} R.C. 2151.414(B)(1) authorizes the trial court to grant an agency's motion for permanent custody if it "determines" by clear and convincing evidence that permanent custody is in the best interest of the child and that the other prong of the permanent custody test is satisfied. There is no language in the statute requiring the court to enter an explicit finding in its judgment entry on either prong of the test. In fact, R.C.2151.414(C) further provides that "[i]f the court grants permanent custody of a child to a movant under this division, the court, upon the request of any party, shall file a written opinion setting forth its findings of fact and conclusions of law in relation to the proceeding." (Emphasis added.) Absent such a request, and there was none in this case, the trial court is not required to explicitly state its findings of fact or conclusions of law on either prong of the permanent custody test. Had Michele wanted more detailed findings from the trial court, she should have requested findings of fact and conclusions of law.
 {¶ 17} Moreover, when R.C. 2151.414 is compared to R.C.2151.28, a related statute that governs the adjudication of dependency, it is further apparent that R.C. 2151.414(B)(1) does not require the trial court to articulate findings in its judgment entry. R.C. 2151.28(L) provides that if the court "determines" that the child is a dependent child,
"the court shall incorporate that determination into writtenfindings of fact and conclusions of law and enter those findingsof fact and conclusions of law in the record of the case. The court shall include in those findings of fact and conclusions of law specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child." (Emphasis added.)
 {¶ 18} A comparison of the language of R.C. 2151.28(L) and R.C. 2151.414(B)(1) leads to the obvious conclusion that the legislature intended that when a court "determines" a child to be dependent, it must also enter a finding to that effect in its judgment entry. Consequently, in R.C. 2151.28(L), unlike R.C.2151.414(B)(1), the legislature added an explicit requirement that, after the court "determines" that a child is dependent, it must "incorporate that determination into written findings of fact and conclusions of law and enter those findings of fact and conclusions of law in the record of the case." Had the legislature also intended to require the trial court to enter explicit findings in its permanent custody judgment entry under R.C. 2151.414(B)(1), it would have done so, as it did in R.C.2151.28(L). Consequently, absent such an explicit requirement and coupled with the fact that R.C. 2151.414(C) provides for supplemental findings of fact and conclusions of law at either party's request, I believe the majority is incorrect in its holding that R.C. 2151.414(B)(1) requires the trial court to incorporate into its judgment entry its determinations on each prong of the permanent custody test.
 {¶ 19} Unlike the majority, I would have reached the merits of Michele's challenge that the trial court's judgment was not supported by the weight of the evidence. A thorough review of the evidence presented at the permanent custody hearing reveals that the manifest weight of the evidence supported the trial court's implicit determination that permanent custody was in the best interest of M.B. Consequently, I would affirm the trial court's judgment.
 {¶ 20} Had the trial court more thoroughly detailed the reasoning behind its decision, however, our review of the record would have been facilitated. I concur in the portion of the majority opinion that addresses the usefulness to a reviewing court of a more detailed trial court judgment entry in this type of case. Although the trial court may not have a statutory mandate to provide detailed reasoning for its decision to grant an agency's motion for permanent custody, an appellate court is better equipped to perform its role as a reviewing court if the trial court provides it with some insight into the reasoning behind its decision.